**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: 516.826.6500
Gary F. Herbst, Esq.
David A. Blansky, Esq.
Wendy J. Rothstein, Esq.
*Attorneys for Gregory Messer, as Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:

LEE ALEXANDER BRESSLER,

                Debtor.
---------------------------------------------------------x
GREGORY MESSER, ESQ., as Chapter 7
Trustee of Lee Alexander Bressler,

                Plaintiff,

   -against-

CARLYN McCAFFREY, solely as TRUSTEE OF
THE JANE C. BRESSLER MARITAL TRUST,
THE JANE C. BRESSLER MARITAL TRUST,
LEE BRESSLER and SCOTT BRESSLER,

                Defendants.
---------------------------------------------------------x

Chapter 7
Case No. 18-13098-MG

Adv Pro. No.

**COMPLAINT**

       Plaintiff, Gregory Messer, Esq., solely as Chapter 7 Trustee ("Plaintiff") of the estate of

Lee Alexander Bressler (the "Debtor"), by his attorneys, LaMonica Herbst & Maniscalco, LLP, as

and for his Complaint against defendants Carlyn McCaffrey, solely as Trustee of the Jane C.

Bressler Marital Trust ("Carlyn McCaffrey"), The Jane C. Bressler Marital Trust (the "Marital

Trust"), Lee Bressler, and Scott Bressler (collectively, the "Defendants"), alleges as follows:

### NATURE OF THE ACTION

      1.    This adversary proceeding is brought by Plaintiff (i) for declaratory relief finding

that the Debtor's entitlement to his share of the assets of the Marital Trust is property of the

1

bankruptcy estate; (ii) for the turnover of property of the estate; and (iii) for injunctive relief preventing the transfer, conveyance or other disposition of funds held in any account maintained by or on behalf of the Marital Trust at The Northern Trust Company.

**SUBJECT MATTER JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

3.      The predicates for the relief sought herein include 11 U.S.C. §§ 105(a), 323, 541, and 542 (the "Bankruptcy Code") and Rules 6009, 7001 and 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the New York Estate, Powers and Trusts Law ("EPTL"), and New York common law.

4.      Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1409(a).

5.      This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(A), and (b)(2)(E).

6.      Plaintiff is authorized to file this action pursuant to Bankruptcy Code § 323 and Bankruptcy Rule 6009.

7.      Pursuant to Local Rule 7008-1 of the Bankruptcy Court for the Southern District of New York, Plaintiff consents to the entry of final orders and judgments by the Bankruptcy Judge presiding over this adversary proceeding if it is determined that the Bankruptcy Judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

**THE PARTIES AND PROCEDURAL HISTORY**

8.      On October 12, 2018 (the "Filing Date"), the Debtor filed a voluntary petition pursuant to Chapter 7 of Title 11 of the Bankruptcy Code.

9.     Plaintiff was appointed Chapter 7 Trustee, has since qualified and is now the permanent Trustee administering the Debtor's estate.

10.     Plaintiff is authorized to file this action under Bankruptcy Code § 323 and Bankruptcy Rule 6009.

11.     The Jane C. Bressler Marital Trust, is a trust that exists pursuant to the Last Will and Testament of Martin Bressler (the "Marital Trust").

12.     Carlyn McCaffrey is an attorney admitted to the practice of law in the state of New York and a partner at McDermott Will & Emery in its New York City office.

13.     Upon information and belief, at all relevant times, Carlyn McCaffrey was, and continues to be, the Trustee of the Marital Trust.

14.     The Debtor is an individual residing at 120 East 87th Street, Apt. R20G, New York, NY 10128.

15.     Scott Bressler ("Scott") is an individual residing at 68 Hancock Street # A, San Francisco, CA 94114-2620.

16.     Scott is the Debtor's brother.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

### A.     The Marital Trust

17.     On October 25, 2000, the Marital Trust was created under the Last Will and Testament of Martin Bressler ("Martin's Will").

18.     Defendant Carlyn McCaffrey and non-party Jane C. Bressler were appointed as co-trustees of the Marital Trust.

19.     Jane C. Bressler died on August 5, 2015.

20.     Pursuant to Article VII (D) of Martin's Will, the Marital Trust terminated upon Jane C. Bressler's death.

21.     The Debtor and Scott are the sole natural issue of Jane C. Bressler.

22.     Pursuant to the terms of Martin's Will, Carlyn McCaffrey was required, as surviving trustee, to pay all accrued and undistributed income of the Marital Trust to Jane C. Bressler's executors or administrators, and then to make distributions of the principal of the Marital Trust to the Debtor and Scott, in equal amounts into separate trusts in each of their names.

23.     Upon information and belief, Carlyn McCaffrey, as trustee, made no such distribution any time after August 5, 2015.

24.     Upon information and belief, Carlyn McCaffrey, as trustee, made distributions of cash to beneficiaries of the Marital Trust after the passing of Jane C. Bressler and prior to the Filing Date.

25.     According to the sworn affidavit of the Debtor in support of a motion to vacate a restraining notice in a New York state court action brought by creditors of this bankruptcy estate, said trusts in the name of the Debtor and Scott, respectively, were not established upon Jane C. Bressler's death, nor have they since been established.  A copy of said affidavit is annexed here to at Exhibit "A".  See paragraph "30" of Exhibit "A."

26.     The administration of the Marital Trust has been unduly and unreasonably prolonged.

27.     The Marital Trust is considered terminated for taxation purposes under 26 CFR § 1.641(b)-3 and applicable New York State tax law.

28.     The value of the Marital Trust was $658,117.53 on the Filing Date.

29.     The value of the Marital Trust was $731,789.00 as of December 23, 2020.

4

## FIRST CAUSE OF ACTION
### 11 USC § 541 (a) (Declaratory Judgment- Property of the Estate)

30.     Plaintiff re-alleges each allegation contained in paragraphs "1" through "29" of the Complaint as if fully set forth herein.

31.     Carlyn McCaffrey, as trustee, was required under the terms of the Marital Trust to disburse the proceeds of the Marital Trust following Jane C. Bressler's death.

32.     Pursuant to Section 541(a)(1) of the Bankruptcy Code, property of the estate includes "[e]xcept as provided in subsection (b)(c)(2) of this section, all legal or equitable interest of the debtor in property as of the commencement of the case."

33.     The Debtor's interest in his equal share of the principal of the Marital Trust arose prior to the commencement of the Debtor's bankruptcy case upon the passing of Jane C. Bressler.

34.     Debtor's interest in his equal share of the principal of the Marital Trust constitutes property of the Estate under 11 U.S.C. § 541 (a)(1).

35.     By reason of the foregoing, Plaintiff is entitled to judgment against Defendants declaring that, pursuant to the Marital Trust, the Debtor's interest in an equal share of the principal of the Marital Trust constitutes property of the Debtor's estate, as of the date of the death of Jane C. Bressler, on August 5, 2015.

## SECOND CAUSE OF ACTION
### 11 U.S.C. § 542 (a) (Turnover and Accounting)

36.     Plaintiff re-alleges each allegation contained in paragraph "1" through "35" of the Complaint as if fully set forth herein.

37.     Upon information and belief, Defendant Carlyn McCaffrey, as trustee of the Marital Trust, is in possession, custody or control of the principal of the Marital Trust.

38.     Upon information and belief, Defendant Marital Trust is in possession, custody or control of the principal of the Marital Trust.

39.     Upon information and belief, the Debtor is in possession, custody or control of the principal of the Marital Trust.

40.     Upon information and belief, Scott is in possession, custody or control of the principal of the Marital Trust.

41.     Any and all property, proceeds or other interest under the Marital Trust to which the Debtor is entitled constitutes property of the bankruptcy estate which the Trustee would be able to use, sell or lease in connection with the performance of his duties.

42.     Defendants are required to turnover to Plaintiff and account for such property pursuant to 11 U.S.C. § 542(a).

43.     The Debtor's interest in the principal of the Marital Trust is not of inconsequential value or benefit to this bankruptcy estate.

44.     By reason of the foregoing, Plaintiff is entitled to judgment against Defendants, jointly and severally, to deliver to him the Debtor's share of the principal of the Marital Trust, and to account for such property or the value thereof.

## THIRD CAUSE OF ACTION
(Injunctive Relief Pursuant to Bankruptcy Rule 7065)

45.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "44" as if set forth fully herein.

46.     The bankruptcy estate will suffer irreparable injury if the funds held in any account maintained by or on behalf of the Marital Trust at The Northern Trust Company are not prevented from being transferred, conveyed or otherwise disposed of by Defendants.

47.     Plaintiff is likely to prevail on the merits of his claims against Defendants based upon the allegations set forth herein and the facts of this case.

48.     The balance of hardships weighs decidedly in favor of the granting of injunctive relief in view of the fact that the Debtor's share of the principal of the Marital Trust is estate property.

49.     Consequently, Plaintiff seeks a preliminary injunction and permanent injunction preventing Defendants from transferring, conveying or otherwise disposing of the Debtor's share of the principal of the Marital Trust pending further order of this Court.

50.     Pursuant to § 105 of the Bankruptcy Code, and Rule 65 of the Federal Rules of Civil Procedure, made applicable herein by Bankruptcy Rule 7065, the Court may enjoin a party from proceeding with or continuing with a course of conduct or practice which depletes, diminishes and/or effects property and/or diminishes the value of those assets or impairs Plaintiff's recovery efforts.

51.     Defendants will not be harmed by the issuance of a temporary injunction because the requested injunctive relief is a necessary step to prevent the dissipation of estate property.

52.     By reason of the foregoing, Plaintiff is entitled to an order and judgment granting a preliminary and permanent injunction, plus costs and other fees, or such other amounts as to be proven at trial.

**WHEREFORE**, Plaintiff demands judgment on his claims for relief against Defendants as follows:

1.     On his first claim for relief, a judgment, under § 541 of the Bankruptcy Code: (a) declaring the Debtor's interest in the principal of the Marital Trust to be the property of this bankruptcy estate.

2.      On his second claim for relief, under § 542 of the Bankruptcy Code directing Defendants to immediately turnover to Plaintiff the Debtor's interest in the principal of the Marital Trust, and for a full and complete accounting;

3.      On his third claim for injunctive relief pursuant to Bankruptcy Rule 7065, made applicable herein by the Federal Rules of Civil Procedure Rule 56, a preliminary injunction and permanent injunction enjoining the Defendants from transferring, conveying or otherwise disposing of the Debtor's share of the principal of the Marital Trust pending further order of this Court

4.      For such other and further relief as the Court deems just and proper.

Dated: March 19, 2021
       Wantagh, New York

LAMONICA HERBST & MANISCALCO, LLP
Attorneys for Plaintiff

By:     *s/David A. Blansky*
        David A. Blansky
        Gary F. Herbst
        Partners of the Firm
        3305 Jerusalem Avenue
        Wantagh, New York 11793
        Telephone: 516.826.6500

m:\documents\company\cases\bressler, lee\adversary proceedings\trust adversary proceedings\marital trust complaint\marital trust complaint.final.docx